## EARLE's adm'x vs. HALE's adm'r.

1. *Injunction of proceedings at law.*

A bill in chancery filed to enjoin the institution of proceedings at law to deprive the plaintiff of the possession of land, in which it is alleged that the defendant has no title to the property, or right of possession, presents no grounds for relief.

2. ————: *Same.*

A party seeking to enjoin proceedings at law, must suffer judgment to go against him, and proceed to enjoin the enforcement of the judgment.

3. ————: *Dissolution.*

Upon the dissolution of an injunction to restrain proceedings at law for the recovery of land, and dismissal of the bill, it is error for the court to decree possession of the property to the defendant, where no cross bill is filed, or claim for possession asserted on the part of the defendant.

APPEAL from *Garland* Circuit Court in Chancery.
Hon. J. M. SMITH, Circuit Judge.
*Howard,* for appellant.
*Clark & Williams, contra.*

WALKER, J.:

Joseph Earle, since deceased, and of whose estate the plaintiff, Elizabeth Earle, is administratrix, filed his bill in chancery to enjoin the defendant Hale from ejecting him by legal process from the possession of a tavern house, situate in Hot Springs valley, in what was then Hot Spring, now Garland County.

Plaintiff alleges that he has erected valuable buildings on a lot in said valley, equal or exceeding two-thirds of the entire value of the improvements on the lot. That defendant Hale has no title to the property, or to the possession of it. That plaintiff does not occupy or hold the property under Hale, but in his own right; that Hale pretends to have a claim to the property, and to the possession of it, and has given notice to plaintiff to deliver possession of the property, and threatens to sue plaintiff and get possession of the same. And prays that he may be enjoined from doing so. A temporary injunction was granted.

Hale, in his answer, denies all of the material allegations of the bill; asserts title to the house, and a right to the possession of it; says that defendants are tenants, and entered into possession under Taylor, to whom plaintiff leased the house.

Depositions were taken, and the cause heard upon pleadings and evidence, upon consideration of which a decree was rendered in favor of defendant, dissolving the injunction, rendering damages upon its dissolution, and giving to the defendant possession of the property.

Plaintiff appealed.

The bill presents no sufficient grounds for equitable relief. If, as is alleged, Hale had no right to the property, or to the

possession of it, and if plaintiff had such right, there is no reason why a complete defense in an action at law might not be interposed, and thus have protected the plaintiff in his possession.

The defendant had brought no action to eject or dispossess the plaintiff, or, if he had, no irreparable injury is alleged as likely to accrue to plaintiff. The mere allegation that defendant had given notice to surrender possession, and threatened to bring suit, is not sufficient, because, even if suit had been brought to dispossess plaintiff, the suit should be permitted to progress to judgment, before an injunction to restrain its enforcement should be granted. A party is never permitted to litigate both at law and in equity at the same time in regard to the same subject matter. *Conway* v. *Ellison*, 14 Ark., 360; *Herndon* v. *Higgs*, 15 Ark., 392. No irreparable injury is alleged as likely to affect the rights of plaintiff. *Blakeley* v. *Furguson*, 14 Ark., 641.

The bill is so fatally defective that, if undefended, no valid decree could have been rendered upon it.

The court below properly refused the relief sought, and in decreeing that the injunction should be dissolved, and in the assessment of damages by consent of parties, and in the decree rendered for the sum found to be due, did not err.

But that part of the decree which directs that the defendant be put in possession of the property, under the state of the pleadings, cannot be sustained.

There was no cross bill filed, no claim for possession asserted, or put in issue by the pleadings.

Let so much of the decree as dissolves the injunction, and assesses and decrees damages upon the dissolution of the injunction, stand, with costs in the court below; and that part of it which decrees possession of the property be reversed, with costs in this court.